```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


GARY RYDER,                           :
   plaintiff,                         :
                                      :
v.                                    : Civil No. 3:14CV231(AVC)
                                      :
COLDWELL BANKER REAL ESTATE           :
LLC, ET AL.,                          :
   defendants.                        :
```

**RULING ON THE DEFENDANTS' MOTIONS TO DISMISS**

This is an action for damages in which the *pro se* plaintiff, Gary Ryder, alleges several causes of action against several defendants,[1] including, *inter alia*, violations of Connecticut's unfair trade practices law, common law fraud, and breach of contract.

Several defendants have filed motions to dismiss,[2] arguing that the court lacks subject matter jurisdiction to hear this action because the plaintiff has failed to plead facts that support diversity jurisdiction.

---

[1] Coldwell Banker Real Estate, LLC, Realogy Holdings Corp, Advent Wallach Insurance Services-CT, Landlord Services Corp., CB5 Restaurant Group, LLC, CB5 Hospitality Consulting Group, LLC, Jennifer Morelli, Frederick W. Morelli, C. P. a minor child, M. P. a minor child, Kathleen Nguyen, Clare Deyo, and Davidson Insurance Agency.

[2] On March 30, 2014, Davidson insurance Agency, Clare Deyo, and John M. Glover Agency filed a motion to dismiss. On April 30, 2014, Jennifer Morelli, C.P., and M.P. filed a motion to dismiss. The responses to these motions became due on April 20 and May 21, respectively. The plaintiff did not respond. On May 30, 2014 CB5 Hospitality Consulting Group, LLC, CB5 Restaurant Group, LLC, and Kathleen Nguyen filed a motion to dismiss, focusing on the issue of standing.

For the reasons that follow, the defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

## FACTS

The complaint alleges the following:

Ryder is not a resident of this District. On the date of this filing he resides in the State of New York but is considered a resident of Massachusetts.

Jennifer Morelli (a.k.a. Jennifer Pennette) is an individual who may or may not reside in this District. She formerly resided at 345 Round Hill Road in Greenwich, Connecticut.

C.P. and M.P., minor children of or about three years of age are, upon information and belief, the children of Jennifer Morelli. Frederick W. Morelli, upon information and belief, is the brother of Jennifer Morelli, and has a residence in Bucks County, Pennsylvania.

Clare Deyo's place of residence is unknown.

The complaint alleges Jennifer Morelli submitted a rental application for 345 Round Hill Road Greenwich, Connecticut (hereafter the "property") using false statements on the rental application. The complaint also alleges that Jennifer Morelli, her children, and Frederick Morelli damaged the property. The complaint further alleges that "[h]ad it not been for the negligence Coldwell, Realogy, Landlord Services Co, the toxic

Morelli would have never gained possession of the estate or had access to create the physical damage (by her, her unattended slovenly children or brother)." Advent-Wallach, Glover, Deyo, and Nguyen are alleged to have, "foisted" the "gross misrepresentations regarding Morelli's and CB5 insurance coverage."

The complaint does not allege that Ryder is the landlord or homeowner of the property. The complaint states that the landlord is a real estate trust.[3]

## STANDARD

A court must grant a motion to dismiss brought pursuant to Fed. R. Civ. P. Rule 12(b)(1) where a plaintiff has failed to establish subject matter jurisdiction. Markarova v. United States, 201 F.3d 110 (2d Cir. 2000).  In analyzing such a motion to dismiss, the court must accept all well pleaded factual allegations as true and must draw inferences in favor of the plaintiff. Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001).  Where a defendant challenges the district court's subject matter jurisdiction, the court may resolve disputed factual issues by reference to evidence outside the pleadings,

---

[3] Specifically, the complaint states that "[t]he original landlord SFSK Dependant Trust, an inter vivos trust was revoked by the Grantor/Settlor, (the plaintiff in this action) at some moment and time near or at the end of 2011. The plaintiffs interest in the property, chattels, fixtures and adjustments were instituted two times thereafter. First to SFSK Trust LTD, then split off again to SFK Trust LTD, with the plaintiff controlling major portions of each, all at other times and then formatted to include adult children at other times. Then fully back to the plntf."

3

such as affidavits. Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 2000).

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States." 28 U.S.C. § 1332(a)(1). That is, 28 U.S.C. 1332(a)(1) "requires complete diversity of citizenship, and it is thus congressionally mandated that diversity jurisdiction is not available when any plaintiff is a citizen of the same State as any defendant." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 366 (1978).

When a defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1), "as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n, 896 F.2d 674 (2d Cir. 1990)(internal citations and quotation marks omitted).

## DISCUSSION

### a. Facial Attack

The defendants argue that "[o]n its face, the plaintiff's complaint fails to establish diversity jurisdiction. The plaintiff makes no allegations from which, even if they could be

4

proven, the citizenship of several defendants could be discerned." Specifically, the defendants refer to Clare Deyo, who the complaint alleges works in Connecticut for the Glover Agency, but "does not sufficiently allege anything about where she lives" because "the plaintiff admits that he does not know." The defendants argue that the complaint is similarly deficient as to Jennifer Morelli, for whom the complaint alleges "may or may not reside in this District" and as to the defendant himself, for whom the complaint alleges "resides in the State of New York but is considered a resident of Massachusetts."

Ryder did not respond to this argument.

"Challenges to subject matter jurisdiction through a Rule 12(b)(1) motion to dismiss come in two different forms: facial attacks and factual attacks." Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Group, Inc., 2005 U.S. Dist. LEXIS 7785, at *5 (D. Conn. May 3, 2005). "A facial attack merely questions the sufficiency of the pleading. When a defendant raises a facial attack to subject matter jurisdiction, the court takes the allegations in the complaint as true and draws all inferences in favor of the non-movant." Russo v. City of Hartford, 184 F. Supp. 2d 169, 178 (D. Conn. 2002).

Courts construe the pleadings of a *pro se* plaintiff liberally. See e.g. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.2008); McEachin v. McGuinnis, 357 F.3d

5

197, 200 (2d Cir.2004). "Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999); Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991)). However, if after a liberal reading of a pro se plaintiff's pleadings, subject matter jurisdiction is lacking, the action must be dismissed. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir.2000).

The complaint's jurisdictional allegations are facially insufficient. The plaintiff alleges only the employment location for one of the defendants and nothing as to another defendant, stating generally that she may or may not reside in Connecticut. Were this the only insufficiency in the pleading, the court would grant leave to amend the complaint so that the Ryder may be given an opportunity to state a valid claim. However, as explained below, leave to amend would not save the complaint from want of subject matter jurisdiction.

### b. Factual Attack

The defendants argue that "both Gary Ryder on the one hand, and the defendants Clare Deyo and Vigilant Insurance Company on the other hand, are citizens of New York for diversity jurisdiction purposes." Specifically, the defendants argue that

6

"[b]ecause the plaintiff is a citizen of the same state as two of the defendants, complete diversity is absent and the complaint must be dismissed. The defendants argue that "[t]he complaint and other available materials indicate that the plaintiff is a citizen of New York"[4] and that "Clare Deyo is likewise a citizen of New York[5] for purposes of 28 U.S.C. § 1332."

Ryder did not respond to this argument.

"A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332 (1994), is a mixed question of fact and law." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)(citing Francis v. Goodman, 81 F.3d 5, 7 (1st Cir.1996); State Farm Mutual Automobile Insurance Co. v. Dyer, 19 F.3d 514, 518 (10th Cir.1994); Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir.1992)). The legal components are clear: "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Id. (citing Linardos v.

---

[4] The defendants argue that "Mr. Ryder states that he 'reside[d] in the State of New York' on the date he filed his complaint – the only date that counts, under the hornbook rule of Linardos v. Fortuna. The signature page of his complaint lists his address as Water Mill, New York. The home improvement contractor whose estimate he attached to his complaint corresponded with him in Water Mill, New York. He listed himself with this court as having a New York address on at least two occasions going back as far as 2004."

[5] The defendants state that "Ms. Deyo lives at 85 Shindagen Hill Road in Carmel, New York. She has lived there since before the plaintiff filed his complaint. She received her mail there, and was registered to vote in New York. She not only lived in New York on the date of filing, but she intended to remain there and has no plans to move. Ms. Deyo's domicile is therefore in New York state, and by extension she is a citizen of New York for diversity jurisdiction purposes."

Fortuna*,* 157 F.3d 945, 948 (2d Cir.1998)). One is domiciled in "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos*,* 157 F.3d at 948 (2d Cir.1998). One can have only a single domicile at any point in time, which is established initially at birth and is presumed to continue in the same place absent evidence to the contrary. Palazzo ex rel. Delmage 232 F.3d at 42 (2d Cir. 2000) (citing Rosario v. INS*,* 962 F.2d 220, 224 (2d Cir.1992)).

Where a jurisdictional challenge is fact-based, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," and "the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." U.S. Airlines Pilots Ass'n ex rel. Cleary v. US Airways, Inc., 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012)(citing Guadagno v. Wallack Ader Levithan Assoc., 932 F. Supp. 94, 95 (S.D.N.Y.1996)). "In assessing whether it may properly exercise jurisdiction, the court may consider affidavits or conduct further proceedings it finds appropriate." Id.

Here, Ryder has not rebutted the defendants' credible argument that he is a domiciled in New York. He signed the complaint as a resident of New York, with an address in Water Mill, New York. The court will not presume that Ryder "is considered a resident of Massachusetts", especially where

8

evidence has been presented to the contrary. Thus, Ryder has not sufficiently plead nor proven that he is domiciled in Massachusetts with an intention to remain there. Having been over two months since his response to the first filed motion to dismiss became due[6], and having not provided evidence of being domiciled in Massachusetts, the court concludes that Ryder remains a resident of New York, that Deyo and Vigilant are citizens of New York, and that therefore subject matter jurisdiction does not exist because there is not complete diversity between the parties.[7]

---

[6] The District of Connecticut's Local Rule of Civil Procedure 7(a)(1) states, in relevant part, that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."

[7] Even were Ryder to respond and satisfy his burden of showing that jurisdictional facts support diversity through submitting a driver's license, voter registration, etc., the court has serious doubts as to the additional 12(b)(1) requirement of standing. To this point, the defendants argue that "[d]espite a stream of consciousness rant for 36 pages, nowhere in the Complaint does Ryder allege that during the period in question, March 1, 2011 through the eviction in December 2013 that he was the Owner of the Subject Premises or the Landlord. Had he done so, that would clearly be perjury and committing fraud on the Court. It is undeniable the Owner/Landlord was 'Samuel Verkaik as Trustee' for 'Landlord: SFSK Dependant Trust.'. . . [E]ven if Ryder were to claim he was a beneficiary of the SFSK Dependant Trust, which he had done anywhere in the 36-page Complaint, respectfully the Complaint would still have to be dismissed as" the beneficiaries of a trust interest do not have standing to assert the claims. For the court to find it has subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "a plaintiff must allege facts demonstrating that the plaintiff is a proper party to seek judicial resolution of the dispute." Thompson v. Cnty. of Franklin, 15 F.3d 245, 249 (2d Cir. 1994). Standing "must affirmatively appear in the record" and "it is the burden of the 'party who seeks the exercise of jurisdiction in his favor,' ... 'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.' " Id. (quoting Warth v. Seldin, 422 U.S. 490 518 (1975).

## **CONCLUSION**

For the foregoing reasons, the motions to dismiss for lack of subject matter jurisdiction (doc. nos. 19 and 34) are GRANTED.

It is so ordered, this 24th day of June, 2014, at Hartford, Connecticut.

```
              /s/
     Alfred V. Covello
     United States District Court Judge
```